UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
TOWN OF BROOKHAVEN,

                 Plaintiff,        MEMORANDUM AND ORDER

  -against-                 CV 14-6741 (LDW) (AKT)

THE TRAVELERS INDEMNITY
COMPANY, *et al.*,

                 Defendants.
---------------------------------------------------X
WEXLER, District Judge

    Plaintiff Town of Brookhaven (the "Town") brings this action, removed from state court, against defendants The Travelers Indemnity Company, The Travelers Companies, Inc., and Travelers Property Casualty Company of America for a declaration that defendants are required to afford coverage to the Town under a certain insurance policy. Defendants move to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) or, alternatively, for summary judgment under FRCP 56. The Town opposes the motion.

    For purposes of this decision, the Complaint can be summarized as follows. On or about December 23, 2003, the Town entered into an agreement with defendants to insure the Town for its Workers' Compensation claims, or claims exceeding $500,000 (the "Policy). Pursuant thereto, the Town maintained a $500,000 self-insured retention, requiring the Town to pay for the first $500,000

on any given claim, but requiring defendants to pay amounts exceeding $500,000, both for lost wages (known as "compensation" or "indemnity") and for medical expenses. On August 3, 2005, Town employee Edward Moran ("Moran") was injured while working in his employment for the Town. Thereafter, the Town paid Moran $434,698.04 in lost wages and medical expenses through November 17, 2008, on which date Moran entered into a settlement agreement under section 32 of the Workers' Compensation Law (the "Section 32 Settlement Agreement"). Pursuant to the Section 32 Settlement Agreement, the Town paid Moran $200,000 and his attorneys $35,000 to settle the indemnity portion of his claim. Thereafter, Moran continued to incur medical expenses, resulting in the Town paying combined indemnity and medical payments to Moran that exceeded the Town's self-insured retention of $500,000. The Town alleges that defendants have refused to reimburse it for the excess payments, despite defendants' obligation to do so under the Policy.

In their motion, defendants maintain that the Complaint fails to mention that before negotiating the Section 32 Settlement Agreement, the Town's Risk Manager, Robert Froehlich ("Froehlich"), entered into negotiations with defendants to reach a "side agreement" regarding Moran's ongoing medical treatment. Declaration of Michael F. Perley, Esq. ("Perley Decl.") ¶ 18.

According to defendants, those negotiations eventually led to the execution of an "Open Medical-Release of Travelers/Constitution States" by defendants and Froehlich, on behalf of the Town, releasing defendants from any liability or obligation for any further medical payments for Moran (the "Release"). *Id.* ¶¶ 19-21 & Exh. D. On January 5, 2009, the Workers' Compensation Board approved the Section 32 Settlement Agreement. *Id.* ¶ 27. Thereafter, by letter dated January 9, 2009, Froehlich wrote to Moran's attorney advising that the Town agreed to absolve defendants from any and all liability for Moran's ongoing medical treatment and transferred the medical aspects of Moran's claim to a third-party provider, Triad Group, purportedly the Town's disability retirement carrier (the "January 9 Letter"). *Id.* ¶¶ 28-29, 41-42 & Exh. F. The January 9 Letter was written on stationery of the Town's Department of Law ("Law Department"), which is headed by the Town Attorney. *Id.* ¶¶ 28, 31 & Exh. F. Defendants submit other materials as well, purportedly demonstrating Froehlich's authority to bind the Town to the Release, including excerpts of Town Board meeting minutes. *Id.* ¶¶ 32, 33 & Exhs. H, I. These minutes reference Town Board resolutions granting the Town Attorney authorization to settle various types of matters, such as personal injury and other actions against the Town. *See id.* According to defendants, the Town Code authorized the Town Board to establish the Town's

Law Department, and the Town Board appointed not only the Town Attorney, but Froehlich as Risk Manager in the Law Department; as such, defendants maintain, the Town Board's resolutions covered Moran's claim and established Froehlich's authority, as Risk Manager in the Law Department, to bind the Town to the Release. *See id.* ¶¶ 34-36. In addition, defendants indicate that before the Town commenced this action, defendants filed two Freedom of Information Law ("FOIL") requests with the Town. Defendants argue that the Town's response was incomplete. Defendants argue that they have relied on the documents provided by the Town and "will object to the submission of any document the Town failed or refused to disclose." *Id.* ¶ 10.

In opposing the motion, the Town contends that Froehlich was not granted authority by the Town Board or by statute to bind the Town to the Release. The Town submits, *inter alia*, the various Town Board resolutions, to which defendants allude, granting authority to the Town Attorney to settle certain actions, but subject to a limit of $50,000. Declaration of Patricia Ryan ("Ryan Decl.") ¶ 6. According to the Town, these resolutions did not extend authority to the Town Attorney (or Froehlich, as the Town's Risk Manager) over matters that included Moran's claim. Moreover, the Town asserts that a search of Town Board resolutions issued in 2008 and 2009 reveals no resolution "directing or

authorizing" settlement of any portion of Moran's Workers' Compensation claim or releasing defendants from their obligations under the Policy. Ryan Decl. ¶ 5. The Town further argues that the Release is unenforceable because it is not supported by valid consideration, as defendants offered no consideration in entering into the Release.

In reply, defendants argue that the Town "unilaterally" seeks to rescind the Release. According to defendants, the Town opposes the motion by relying on information that it improperly withheld or refused to provide to defendants in response to their FOIL requests. *See* Declaration of Michael F. Perley, Esq. in Further Support of Defendant's Motion to Dismiss ("Perley Reply Decl.") ¶¶ 13- which show that the Town Board placed dollar limitations on the settlement authority granted the Town Attorney over covered matters. Defendants contend that the Town made only "partial disclosures," failing to disclose "complete copies of the specific resolutions requested," and they argue that they should not be charged with knowledge of documents deliberately withheld. *See id.* ¶¶ 25-38. Defendants further contend that the Town failed to comply with its mandatory initial disclosure obligations under FRCP 26(a)(1)(A) to disclose non-privilege matter, including documents and electronically stored information, that it "may use to support its claims or defenses" in this action, as the Town did not provide the

content of the resolutions now used to support its position. *See id.* ¶¶ 39-44. Moreover, defendants argue that the Town should be "estopped" from relying on the "wrongfully withheld information." *See id.* ¶¶ 45-53. In any event, defendants argue that (1) the documents the Town relies on do not pertain to Workers' Compensation claims and, thus, place no limit on the Town Attorney's "ability" to settle those claims, *see id.* ¶¶ 54-72; (2) Froehlich had "actual authority" regarding the Section 32 Settlement Agreement and Release, *see id.* ¶¶ 73-84; and (3) adequate consideration supported the Release, with the Town benefitting by avoiding future litigation with Moran, *see id.* ¶¶ 85-100.

As noted above, the parties have presented various matters outside the pleadings on this motion. The Court has considered these various matters and, accordingly, treats the motion as one for summary judgment. *See* FRCP 12(d). Upon consideration, the Court finds that genuine disputes of material fact exist precluding the entry of summary judgment. *See* Fed. R. Civ. P. 56(a) (party seeking summary judgment must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Given the parties' disputes regarding disclosures by the Town and the circumstances surrounding the negotiations and executions of the various agreements, the Court believes that any

determination of this action should await the completion of adequate discovery.[1]

Accordingly, defendants' motion for summary judgment is denied.

    SO ORDERED.

                                              _____/s/_____
                                              LEONARD D. WEXLER
                                              UNITED STATES DISTRICT JUDGE

Dated:  Central Islip, New York
         May 28, 2015

---

[1] By joint letter, dated May 6, 2015 (Docket Entry 29), the parties requested that depositions be postponed until a determination of defendants' current motion. Given the Court's denial of the motion, the request is denied as moot.